May Term,
1861.

PHILIPS
v.
EAST.

*R. Parrett*, for the appellant.

---

PHILIPS and Others *v.* EAST, Trustee of Indian Creek Township.

*E.*, as trustee of *Indian Creek Township,* having obtained a judgment against *F.* and *G.*, upon which an execution had been issued and a levy made, took from them and others, as their sureties, a note for the amount of the judgment, conditioned that the sale on the execution should be postponed until the maturity of the note, and that payment of it should satisfy the judgment.

*Held*, that the trustee, being intrusted by statute with the management of the pecuniary concerns of the township, had power to make the agreement.

*Held*, also, that the payment of the note, or the judgment obtained thereon, would authorize satisfaction to be entered on the original judgment.

*Wednesday,*
*June 5.*

APPEAL from the *Monroe* Common Pleas.

WORDEN, J.—Suit by the appellee, as trustee of *Indian Creek* township, *Monroe* county, *Indiana*, against the appellants, as makers of the following instrument, viz.,

"On or before the 25th day of *December* next, for value received, we, or either of us, do promise to pay to order of *William East*, trustee of *Indian Creek* township, the sum of $308 $\frac{25}{100}$, waiving valuation or appraisement laws.

"The condition of the above note is such, that whereas the said *William East*, as trustee, obtained judgment against *John Philips* and *R. A. Walker*, on the 28th day of *July*, 1859, for $295; and whereas the sheriff has this day levied an

execution for said amount on the property of said *Philips* and *Walker*, and the said *William East*, trustee, doth agree for the sheriff to put off the sale of said property until the 25th day of *December*, 1859, and if the above note is then paid, to give full credit on said execution for the principal and interest. Witness our hands and seals, this *September* 8, 1859.

(Signed,)    "·JOHN PHILIPS,<br>R. A. WALKER,<br>E. J. WALKER,

(Attest,)    THOMAS SHARPLESS.    R. G. WALKER."

Demurrer to the complaint overruled, and judgment for the plaintiff.

The principal objection urged against the complaint, is that the note has no sufficient consideration to support it. It is claimed that the agreement by the trustee, to put off the sale of the property of the execution defendants, was the consideration, and that the trustee had no power or authority to make such agreement; hence, that there was no sufficient consideration. The objection does not seem to us to be well taken. The trustee has, by statute, the care and management of all property, real and personal, belonging to his township, and is authorized to superintend all the interests thereof. Acts 1859, § 6, p. 221. Again, § 8 provides that "the trustee shall superintend all the pecuniary concerns of the township," &c.

We see no good reason why the trustee might not very properly, in some cases, make such agreement. The object of the arrangement was evidently to give further time on the judgment, and to obtain more ample security for its final payment.

Again, it is urged that if this note is collected, the trustee will put the proceeds in his private pocket, and collect the judgment on behalf of the township. We are of opinion, however, that the payment of this judgment will liquidate the other, and authorize satisfaction to be entered thereon.

*Per Curiam.*—The judgment is affirmed, with costs, and 5 per cent. damages.

*M. C. Hunter* and *John S. S. Hunter*, for the appellants.

*David Sheeks*, for the appellee.